UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

DON MENDOZA,

    Petitioner,

v.

SCOTT FISHER,

    Respondent.

Civil No. 10-2211 (RHK/JSM)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In 2006, Petitioner pled guilty to federal drug law violations in a criminal case brought against him in the United States District Court for the Middle District of Florida. (Petition, [Docket No. 1], pp. 1-2, §§ 1-7.) He was sentenced to 109 months in federal prison, (id., p. 2., § 4), and he is currently serving his sentence at the Federal Correctional Institution

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

in Sandstone, Minnesota.

Petitioner did not challenge his conviction or sentence on direct appeal. (Id., p. 3, §§ 8, 11, and 13.) It further appears that he has never challenged his conviction or sentence in any post-conviction motion or other legal proceeding. (Id., § 14.)

Petitioner's current habeas corpus petition presents two separate and distinct grounds for relief. First, Petitioner claims that because he was convicted of a "nonviolent offense," he is automatically eligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B), if he completes a drug treatment program sponsored by the Bureau of Prisons, ("BOP"). Petitioner contends that the BOP has wrongly declared him to be ineligible for a reduced sentence, merely because he received an enhanced sentence based on the trial court's determination that his crime involved a weapon. According to Petitioner, his "two point enhancement for the presence of a weapon cannot be used as a factor in determining 'eligibility' pursuant to 18 U.S.C. § 3621(e)(2)(B)." (Id, p. 7, § 16(A)(2).

In "Ground Two," Petitioner contends that he should not have received an enhanced sentence in the first place, because "the gun allegedly involved in the offense ha[d] no purpose or effect in relation to the offense," and there was "no physical or constructive possession [of the gun] 'during' a drug transaction." (Id., p. 8, § 16(B)(1).) Petitioner apparently wants a writ of habeas corpus that would vacate his current 109-month sentence, and cause him to be re-sentenced without a weapon enhancement.

The Court finds that Petitioner's first claim for relief is without merit, and his second claim cannot properly be raised and adjudicated in the present § 2241 habeas corpus proceeding. Therefore, this action must be summarily dismissed.

## II. DISCUSSION

A. Sentence Reduction Claim

Petitioner initially claims that the BOP has wrongly declared him to be ineligible for a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B). That statute authorizes the BOP to reduce a prisoner's sentence if he successfully completes a BOP sponsored drug rehabilitation program. The statute states that –

> "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."

Three important elements of § 3621(e)(2)(B) are readily apparent. First, only inmates who have been "convicted of a nonviolent offense" are potentially eligible for a reduced sentence upon successful completion of an approved drug treatment program. Second, a prisoner's sentence can never be reduced by more than one year. And third, the BOP is given the discretion to decide which statutorily eligible prisoners should actually be granted a sentence reduction. The statute's "may be reduced" language means that even if a prisoner has been convicted of a nonviolent offense, and he has successfully completed a drug treatment program, the BOP still does not necessarily have to reduce his sentence. As explained by the Supreme Court, "[w]hen an eligible prisoner successfully completes drug treatment, the [BOP]... has the authority, but not the duty,... to reduce his term of imprisonment." Lopez v. Davis, 531 U.S. 230, 241 (2001).

The BOP has used its discretionary authority under § 3621(e)(2)(B) to designate certain categories of inmates that will never be granted sentence reductions, even if they have been convicted of a nonviolent offense, and even if they successfully complete a drug treatment program. Those categories are currently described at 28 C.F.R. § 550.55(b).

3

The introductory clause of that regulation states that "[a]s an exercise of the Director's discretion, the following categories of inmates are not eligible for early release...."

One group of prisoners that is categorically excluded from earning a reduced sentence under § 3621(e)(2)(B) is defined as follows:

> "Inmates who have a current felony conviction for... [a]n offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)."

28 C.F.R. § 550.55(b)(5)(ii).

The BOP obviously has determined that Petitioner falls within the category described at § 550.55(b)(5)(ii), because of the "two point enhancement for the presence of a weapon," which affected his current sentence. In other words, even though Petitioner may be <u>statutorily</u> eligible for a reduced sentence, the BOP has declared him to be categorically ineligible for a reduced sentence, pursuant to 28 C.F.R. § 550.55(b)(5)(ii). Thus, even if Petitioner were to successfully complete a BOP drug rehabilitation program, he still would not be granted any sentence reduction pursuant to § 3621(e)(2)(B), because of his sentence enhancement for the presence of a weapon.

Petitioner now claims that the BOP cannot declare him ineligible for a § 3621(e)(2)(B) sentence reduction, based solely on his two point sentence enhancement based on the presence of a weapon. He contends that every prisoner who is convicted of a nonviolent offense is automatically eligible for a reduced sentence under § 3621(e)(2)(B). According to Petitioner, the BOP's reliance on the weapon enhancement to declare him ineligible for a reduced sentence is erroneous, because "the plain language of the statute does not mention 'unconvicted conduct.'" (Petition, p. 7, § 16(A)(2).) This argument is clearly unsustainable.

4

As noted above, § 3621(e)(2)(B) does not guarantee any sentence reduction to any prisoner. The statute gives the BOP broad discretion to determine which statutorily eligible prisoners – i.e., which prisoners who have been convicted of a nonviolent offense, and have successfully completed a prescribed drug treatment program – should actually be given a reduced sentence.

During the 1990s, a number of federal courts concluded that federal prisoners were not <u>statutorily</u> ineligible for a § 3621(e)(2)(B) sentence reduction simply because they had received a gun enhancement at sentencing. <u>See</u> <u>e.g.</u>, <u>Martin v. Gerlinski</u>, 133 F.3d 1076 (8th Cir. 1998) (BOP erroneously concluded that all prisoners who have sustained a firearms enhancement have been convicted of a "crime of violence" that makes them statutorily ineligible for a reduced sentence under § 3621(e)(2)(B)). However, the courts have consistently confirmed that § 3621(e)(2)(B) gives the BOP the <u>discretionary authority</u> to bar any prisoner from getting a sentence reduction under § 3621(e)(2)(B), even if a sentence reduction would be <u>permissible</u> under the statute. <u>See</u> <u>Bellis v. Davis</u>, 186 F.3d 1092, 1094 (8th Cir. 1999) (§ 3621(e)(2)(B) "vests broad discretion in the BOP to determine which individuals, among the group of statutorily eligible inmates convicted of nonviolent offenses, are appropriate candidates for early release;" the language of the statute "is discretionary and does not mandate that the BOP grant a sentence reduction to any particular inmate or class of inmates"), <u>aff'd</u> <u>sub</u> <u>nom</u>, <u>Lopez v. Davis</u>, <u>supra</u>; <u>see also</u> <u>Grove v. Federal Bureau of Prisons</u>, 245 F.3d 743, 747 (8th Cir. 2001) ("under the plain language of § 3621(e)(2)(B), statutory eligibility by reason of the commission of a nonviolent offense... is not an entitlement to any early release").

In October 1997, the BOP issued an amended regulation, which stated, in effect,

5

that even though prisoners with gun enhancements are not statutorily ineligible for a reduced sentence, all such prisoners will nevertheless be denied a reduced sentence, by exercise of the BOP's discretion under the statute. This regulation, currently set forth at 28 C.F.R. § 550.55(b)(5)(ii), makes Petitioner ineligible for a reduced sentence under § 3621(e)(2)(B). Even though Petitioner may meet the minimum statutory eligibility requirement for a reduced sentence, (because he was convicted of a "nonviolent offense"), he is nevertheless ineligible for a reduced sentence, because the BOP has determined, as an exercise of the BOP's discretionary authority, that prisoners whose crimes involved weapons will be categorically excluded from receiving reduced sentences under § 3621(e)(2)(B).

The BOP's categorical use of its discretion under § 3621(e)(2)(B) was expressly approved by the United States Supreme Court in Lopez v. Davis, supra. There, the Court held that prisoners can be categorically excluded from a § 3621(e)(2)(B) sentence reduction, even if they are presently incarcerated only for a nonviolent offense. While recognizing that the statute itself excludes only prisoners who have been convicted of violent offenses, the Court held that the discretionary authority provided by § 3621(e)(2)(B) permits the BOP to categorically exclude other prisoners from earning a reduced sentence. Id. at 240-44.

The Eighth Circuit followed and applied Lopez in a case that is indistinguishable from the present case. In Grove v. Federal Bureau of Prisons, supra, a federal prisoner convicted of a nonviolent offense was declared categorically ineligible for a sentence reduction under § 3621(e)(2)(B), because he had received a gun-enhanced sentence. Citing Lopez, the Eighth Circuit found that although the petitioner "was convicted of a

6

nonviolent felony, which would make him statutorily eligible for a potential early release, [he] was ultimately disqualified by the director's broad discretion to consider his sentencing enhancement for possessing a firearm in relation to his drug offense." 245 F.3d at 746.[2]

Based on Lopez and Grove, this Court finds that it was entirely lawful and appropriate for the BOP to bar the current Petitioner from receiving a § 3621(e)(2)(B) sentence reduction, based on his "two point enhancement for the presence of a weapon," even though Petitioner may meet the minimum statutory eligibility requirement of being a nonviolent offender. Thus, the Court concludes that Petitioner is not entitled to a writ of habeas corpus based on the first claim presented in his current petition.

B. Sentencing Claim

In Petitioner's second ground for relief, he claims that he never should have received an enhanced sentence in the first place. He contends that the trial court misapplied the federal Sentencing Guidelines at the time of his original sentencing, and that his current sentence is therefore invalid ab initio. However, this claim cannot properly be raised by means of a § 2241 habeas corpus petition.

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Subsection 2255(e) provides that –

"[a]n application for a writ of habeas corpus in behalf of a prisoner who is

---

[2] See also Gibson v. Walton, Civil No. 05-2600 (JNE/JSM) (D.Minn. 2006), 2006 WL 1428274.

7

> authorized to apply for relief by motion pursuant to this section [i.e., § 2255], <u>shall not be entertained</u> if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Emphasis added.)

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of the sentence imposed for his 2006 federal criminal conviction. He claims that the trial court misconstrued and misapplied the federal Sentencing Guidelines, and imposed an incorrect sentence, by using an enhancement provision that allegedly was inapplicable to his particular case. Because Petitioner is directly challenging the validity of his sentence, his

8

current habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.

In some cases, a § 2241 habeas petition, which is barred by the exclusive remedy rule, can simply be construed as a motion brought under § 2255. The matter can then be transferred to the trial court, so the prisoner's claims can be reviewed on the merits there. Here, however, Petitioner is precluded from seeking relief under § 2255, because at this late date, any § 2255 motion would be time-barred by the one-year statute of limitations that is applicable to such motions. 28 U.S.C. § 2255(f).

Petitioner may believe that § 2255 is "inadequate or ineffective to test the legality" of his sentence, because the remedy provided by that statute is no longer available to him, due to the expiration of the one-year statute of limitations. However, that reasoning must be rejected.

The one-year statute of limitations prescribed by § 2255(f) would be rendered meaningless if a prisoner who is time-barred from filing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. Congress could not have intended for the statute of limitations to be so easily evaded. Indeed, the Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because... petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). See also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); Abdullah, 392 F.3d at 959 ("§ 2255 is not

inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred").

In Abdullah, the Court of Appeals held that § 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." 392 F.3d at 963. Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause, because he could have raised his current challenge to his sentence in a timely § 2255 motion. He cannot now claim that § 2255 is "inadequate or ineffective" simply because he failed to present his current arguments in a timely § 2255 motion.[3]

As the Court of Appeals pointed out in Abdullah –

"[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963, quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

---

[3] Petitioner's current challenge to his sentence, (Ground Two of the petition), appears to be based, at least in part, on the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995). Other courts have held that a "Bailey claim" can be raised in a § 2241 habeas corpus petition, if the claimant was precluded from seeking relief in a § 2255 motion because Bailey was not yet decided when such a motion was, (or could have been), filed. See e.g., In re Dorsainvil, 119 F.3d 245, 251-52 (3rd Cir. 1997) (noting that petitioner "is in an unusual situation because Bailey was not yet decided at the time of his first § 2255 motion"). However, Petitioner's current challenge to his sentence is not automatically reviewable in a § 2241 habeas proceeding simply because it is (purportedly) based on Bailey. Because Bailey was decided more than ten years before Petitioner was convicted, he certainly could have raised a claim based on that decision in a timely § 2255 motion.

Based on Abdullah, the Court finds that the savings clause is not applicable here. The remedy provided by § 2255 was neither inadequate nor ineffective for Petitioner's current challenge to the sentence imposed by the trial court. Petitioner could have challenged his sentence in a § 2255 motion, but he simply failed to bring such a motion within the one-year limitations period prescribed by Congress.[4]

Because Petitioner had an adequate procedural opportunity to raise his current sentencing claim in a timely § 2255 motion, he is barred from bringing that claim now in a § 2241 habeas corpus petition. Therefore, Petitioner's second habeas corpus claim, (Ground Two), must be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging judgment in prior criminal case was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah,

---

[4] Petitioner has indicated that he waived his right to challenge his conviction and sentence on direct appeal when he entered into the plea agreement by which he pled guilty. (Petition, p. 3, §§ 8 and 13.) It is possible that Petitioner also waived his right to seek post-conviction relief under § 2255, (although Petitioner has not actually identified any such waiver in his petition). However, even if Petitioner did waive his right to seek relief under § 2255, such a waiver would not cause the § 2255 remedy itself to be inadequate or ineffective for Petitioner's current sentencing claim. "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir.2002) (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C.Cir.), cert. denied, 479 U.S. 993 (1986)). Therefore, even if Petitioner did waive his right to seek post-conviction relief under § 2255, he still could not invoke the § 2255(e) savings clause. See Adams v. Samuels, No. 6:05-689-DCR, (E.D.Ky. 2006), 2006 WL 695250 at *3 (habeas petitioner's "prior waiver of not only his direct appeal, but also his right to challenge his sentence under § 2255, did not equate into a finding that the remedy under § 2255 was 'inadequate or ineffective'"), (citing Rivera v. Warden, FCI, Elkton, 27 Fed.Appx. 511, 515 (6th Cir. 2001) (unpublished opinion). See also Reid v. Williamson, No. 1:06-CV-2429 (M.D.Pa. 2007), 2007 WL 2688722 at *2 ("[t]he fact that [petitioner] waived his right to an appeal under § 2255 in a plea agreement does not render § 2255 inadequate or ineffective").

392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Ground One of Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED WITH PREJUDICE**;

2. Ground Two of Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED FOR LACK OF JURISDICTION**; and

3. This action be **SUMMARILY DISMISSED**.


Dated: June 18, 2010

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 2, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.